IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Allan W. Bartholomew,

    Plaintiff,

  vs.                                            Case No. 2:03-cv-1175
                                                    JUDGE GRAHAM
ALSTOM Power, Inc.,

    Defendant.

ORDER

This matter is before the Court on plaintiff Allan W. Bartholomew's October 13, 2005 motion in limine to: (1) exclude evidence of damages allegedly suffered by defendant ALSTOM Power, Inc.; (2) exclude evidence of alleged disclosures by Bartholomew of ALSTOM's confidential information; and (3) limit the testimony of Ron Cox, one of Defendant's proposed witnesses.

Evidence of ALSTOM's Damages. Plaintiff argues that because Defendant failed to supplement its discovery responses on the topic of its damages, Defendant should be prohibited from introducing evidence at trial of any alleged damages. See Fed. R. Civ. P. 26(e)(1), 37(c)(1). Plaintiff's first set of interrogatories asked Defendant to identify "the damages ALSTOM Power alleges it has suffered as a result of Plaintiff's employment with Rolls-Royce or his alleged disclosure of ALSTOM's secret/confidential information." See Interrog. No. 15, attached as Ex. B to Pl.'s Mot. In Limine. Defendant responded that it had "not yet completed its calculation of the damages" and that it would "supplement this response" after completing discovery. Id; see also Doc. Request

No. 25, attached as Ex. D to Pl.'s Mot. In Limine.

Defendant explains that it did not supplement its response because the discovery requests related to counterclaims that it has since abandoned. Defendant originally asserted counterclaims for breach of a non-compete agreement and for misappropriation of trade secrets. The amended answer and counterclaims dropped those claims. Defendant states that the relief it now seeks is equitable disgorgement of: the compensation Bartholomew received during the period of alleged disloyalty to ALSTOM, from June 25 to September 30, 2003; the $421.33 in travel expenses that Bartholomew allegedly falsified; and the vacation leave that Bartholomew did not report during the period of disloyalty. Defendant argues that these amounts are readily discernible to Plaintiff and that Plaintiff has known since the original answer and counterclaims of Defendant's request for this relief.

In reply, Plaintiff states that he has no objection to Defendant seeking solely equitable relief.

Accordingly, the motion in limine is denied as moot as to evidence of ALSTOM's damages.

<u>Disclosure of Confidential Information</u>. Plaintiff next argues that, with two exceptions, Defendant should be prohibited from introducing evidence of alleged disclosures of confidential information by Bartholomew. In response to Plaintiff's interrogatories, Defendant stated that Bartholomew had disclosed confidential information in July 2003 to an executive recruiting firm and in January 2004 to Rolls-Royce. <u>See</u> Interrog. Nos. 9, 10. Plaintiff argues that Defendant should not be able to submit evidence of any other disclosures because it never supplemented its

discovery responses to identify any more disclosures of confidential information.

Defendant states that it intends to introduce evidence of only the July 2003 and January 2004 disclosures. Defendant will not introduce evidence of any other disclosures.

Accordingly, the motion in limine is denied as moot as to evidence regarding the disclosure of confidential information.

<u>Testimony of Ron Cox</u>. Plaintiff lastly argues that the testimony of Ron Cox, a marketing director at ALSTOM, should be limited to the topic of whether ALSTOM and Rolls-Royce compete with each other. Plaintiff's interrogatories asked Defendant to list persons with knowledge of Plaintiff's claims and Defendant's counterclaims. Plaintiff alleges that Defendant only identified Cox as a person with knowledge about plaintiff's claims. <u>See</u> Def.'s Second Supplement to Interrogatory No. 1, attached as Ex. C to Pl.'s Mot. In Limine (identifying Ron Cox as having knowledge about "the fact that ALSTOM and Rolls-Royce are competitors"). Plaintiff contends that Defendant never identified Cox in response to Interrogatory No. 2, which requested Defendant to identify persons with information relating to its counterclaims.

Defendant argues that the testimony of Cox should not be limited. In its initial Rule 26(a)(1) disclosures, Defendant disclosed Cox as a person having discoverable information concerning Defendant's claims. <u>See</u> Def.'s Initial Disclosures, attached as Ex. A to Pl.'s Mot. In Limine. In particular, Defendant stated that Cox had information regarding "Plaintiff's actions that violate the terms of the severance agreement . . . and that make Plaintiff ineligible to receive any benefits" and

3

information regarding "Plaintiff's fraud." Id., §II.A.5.

Rule 26(a)(1)(A) requires parties to provide the name, address, and telephone number "of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Rule 26(e)(1) imposes "a duty to supplement at appropriate intervals."

These rules are designed "to avoid surprise or trial by ambush." American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (internal quotations omitted). Under Rule 37,

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995).

The Court finds that Cox's testimony should not be limited. From the outset of the action, Defendant disclosed Cox as a person with knowledge of Bartholomew's alleged fraud. While Defendant perhaps should have identified Cox again in its response to Interrogatory No. 2, Plaintiff has not demonstrated any harm that resulted. Having been informed of Cox's identity in Defendant's initial disclosures and in Defendant's response to Interrogatory No. 1, Plaintiff cannot claim surprise concerning Defendant's plan to call Cox as a witness at trial.

Accordingly, the motion in limine is denied as to the testimony of Ron Cox.

<u>Conclusion</u>.  For the reasons stated above, Plaintiff Allan W. Bartholomew's October 13, 2005 motion in limine (doc. 60) is DENIED in all respects.

          <u>s/ James L. Graham</u>
          JAMES L. GRAHAM
          United States District Judge

DATE: October 28, 2005