IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Allan W. Bartholomew,

    Plaintiff,

  vs.                                Case No. 2:03-cv-1175
                                        JUDGE GRAHAM

ALSTOM Power, Inc.,

    Defendant.

ORDER

    This matter is before the Court on plaintiff Allan W. Bartholomew's October 13, 2005 motion in limine to exclude evidence of alleged misconduct by Bartholomew. After being notified that his job position with defendant ALSTOM Power, Inc. would be eliminated, Bartholomew entered into a Confidential Separation Agreement and General Release on September 23, 2003. Bartholomew alleges that, under the Agreement, both parties agreed to release all existing and potential claims arising out of Bartholomew's employment and termination. Bartholomew contends that the Agreement bars ALSTOM from introducing evidence at trial relating to ALSTOM's claims that Bartholomew acted improperly during the summer of 2003 while searching for employment with another company.

    The Confidential Separation Agreement and General Release is governed by Connecticut law. See Separation Agreement, ¶10. Under Connecticut law, "[t]he plain, clear language of the contract must be accorded its logical effect." Four D's, Inc. v. Mattera, 594 A.2d 484, 487 (Conn. App. Ct. 1991). The intention of the parties is determined by "the language used" in the contract, not by "what

intention existed in the minds of the parties." E&F Construction Co. v. Rissil Construction Assocs., Inc., 435 A.2d 343, 345 (Conn. 1980) (per curiam).  "[W]here there is no ambiguity in the language used, there is no room for construction and the plain meaning of the language controls." Consolidated Rail Corp. v. Hychko, No. CV82061295, 2005 WL 2436082, at *4 (Conn. Super. Ct. Sept. 9, 2005); see also Thompson & Peck, Inc. v. Harbor Marine Contracting Corp., 523 A.2d 1266, 1270 (Conn. 1987) ("[I]n situations in which the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained.") (internal quotation marks omitted).

Here, the Agreement states that "Mr. Bartholomew and the Company desire to address, once and forever, any and all matters between them relating to or arising out of Mr. Bartholomew's employment and termination of employment." See Separation Agreement, p. 1. The Agreement specifies that Bartholomew is entitled to a payment of $152,500 and to a lump sum payment of his twenty-six weeks of severance pay. Id., ¶1. In consideration for those payments,

> Mr. Bartholomew, for himself, his heirs, attorneys, executors, administrators, successors, and assigns, fully, and forever releases and settles any and all claims, charges, damages, liabilities, obligations and the like of any and every nature whatsoever, including those relating to his employment and termination of employment which he now has or may have against the Company arising up to and including the date of his execution of this Agreement. . . . This release covers both claims that Mr. Bartholomew knows about and those he may not know about. In short, Mr. Bartholomew knowingly releases any and all claims whether known or unknown.

Id., ¶2. The Agreement also states that "Mr. Bartholomew hereby

2

releases and waives any and all rights or claims he may have to re-employment by the Company." Id., ¶9. The final paragraph of the Agreement provides,

> Please read this Agreement carefully. It contains a release of all known and unknown claims. Mr. Bartholomew acknowledges that he has been advised, and is being advised in this paragraph to consult with an attorney before signing this Agreement and has done so to the extent he desires. Mr. Bartholomew acknowledges that he has carefully read and fully understands all provisions of this agreement and that he is entering into this Agreement voluntarily.

Id., p. 6.

Based on the plain language of the Agreement, the Court finds no support for Bartholomew's assertion that ALSTOM released all claims against him. Bartholomew is the only party specified in the Agreement as having released claims. Paragraph Two states that in consideration for the payments, "Mr. Bartholomew . . . forever releases and settles any and all claims . . . ." Paragraph Two goes on the state that "Mr. Bartholomew knowingly releases any and all claims whether known or unknown." Paragraph Nine likewise states that "Mr. Bartholomew hereby releases and waives any and all rights . . . ." Paragraph Eight states that "[t]he Company has made no promises to Mr. Bartholomew other than those in this Agreement . . . ." Nowhere in the Agreement does ALSTOM promise to release claims; ALSTOM's promise is to provide Bartholomew with the payments specified in Paragraph Two. The final paragraph recites an acknowledgment by Bartholomew that he is releasing "all known and unknown claims." The Agreement simply does not contain a release by ALSTOM, and Bartholomew is unable to point to any language that would suggest otherwise.

Accordingly, Bartholomew's October 13, 2005 motion in limine (doc. 61) to exclude evidence of alleged misconduct is DENIED.

<pre>
                                    s/ James L. Graham        
                                    JAMES L. GRAHAM
                                    United States District Judge
</pre>

DATE: October 28, 2005